# THE

# New York Supplement.

## VOLUME IV.

---

HOOPS *et al. v.* SCHMIDT.

*(City Court of New York, Trial Term.* February 14, 1889.)

PRINCIPAL AND SURETY—LIABILITY—DELIVERY OF CONTRACT.

    Plaintiffs, lessees, transferred the lease to third persons, who agreed to pay the rent, and defendant, as surety, signed an agreement under seal covenanting to pay the lessor the rent. After signing this he refused to deliver it, unless the lessor's written consent to the transfer was obtained, as he had originally stipulated for. This the lessor refused to give, but he subsequently accepted rent from the assignees. Defendant never delivered the agreement. *Held,* that plaintiffs could not recover from defendant for subsequently accruing rent, which plaintiffs had been compelled to pay on default of the assignees. No liability was incurred by merely signing the agreement, without delivery or performance of the condition.

    Plaintiffs, John Hoops and others, leased of George W. Libby certain premises in Newark, N. J., for a term of five years, and afterwards transferred the lease to Adolph Koch, and George Beauermann. Defendant, Diederick Schmidt, agreed to become surety for the payment of the rent by Koch and Beauermann to the landlord, on condition that the latter's written consent to the transfer be obtained, (the lease containing a provision against such transfer without consent, under penalty of forfeiture.) Libby refused to give his consent, whereupon defendant, who in the mean time had signed the agreement of suretyship, refused to deliver it, and it is still in his possession. Libby subsequently accepted payments of rent from Koch and Beauermann, but they failed to make certain payments, and plaintiffs were compelled to pay the same. They now bring this action against Schmidt, as surety.

    *Robert Godson,* for plaintiffs. *Busteed & Blankman,* for defendant.

    McADAM, C. J. The parties evidently contemplated that by the transfer of the lease, with the written consent of the landlord, the tenants would be relieved from further liability, and that Kock and Beauerman, as assignees, would be substituted thereto; for the agreement signed by the defendant as surety was made to George W. Libby, the landlord, and is in the nature of a covenant "under seal" to pay "him" such sums of money as may be required to satisfy the conditions of the lease. It was not a covenant to pay money to the plaintiffs on the happening of any default, for their names do not appear in the instrument, which, being under seal, and made to Libby, is not enforceable by the plaintiffs. *Nevins* v. *Gardner,* 1 City Ct. R. 407. The fact that the instrument was not delivered to the plaintiffs, that they never claimed possession of it, that it was taken to Libby, the landlord, and offered to him,

if he would sign the consent to the transfer, indicates that it was not intended that the plaintiffs should, in any event, be allowed to sue upon it. Libby refused to accept the defendant as surety, declined to sign the consent, and expressed a determination to look to the tenants for the rent till the end of the lease; whereupon the defendant declined to deliver his agreement of suretyship, and it was produced by him at the trial as an instrument still in his possession.

It is unnecessary to decide whether the receipt of rent by the landlord subsequent to the assignment, with knowledge of the transfer, dispensed with the legal necessity of the landlord's written consent, or what effect the consent would have had, if it had been obtained; for a surety has the right to impose any lawful condition he pleases upon the delivery of his obligation, and it remains inoperative until it is performed. *People* v. *Bostwick*, 43 Barb. 9, affirmed 32 N. Y. 445. A contract of suretyship may be complete in itself, and yet, as long as it remains in the hands of the parties executing it, be of no legal effect. Baylies, Sur. 97. It seems clear, therefore, that as there was no delivery to give legal inception to the contract, and no performance of the condition on which it was to be delivered, that no liability was created by the mere execution of the writing. For the several reasons stated, there must be judgment for the defendant.